UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| James R. Murphy, | |
|         Plaintiff, | CASE NO.: _____ |
| vs. | |
| | **COMPLAINT** |
| General Motors LLC, | |
|         Defendant. | |

For this Complaint, the Plaintiff James R. Murphy, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action by the purchaser of a 2022 GMC Yukon XL Denali vehicle (hereafter the "subject vehicle") manufactured and sold by the Defendant General Motors LLC. Plaintiff seeks damages related to his vehicle's defective engine and Defendant' failure to honor the terms of its warranty.

2. The Plaintiff would not have purchased the subject vehicle had he been made aware of the subject vehicle's defects.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. This Court also has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental

jurisdiction as set forth in 28 U.S.C. § 1367.

5.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant is subject to personal jurisdiction in this District and where Defendant, as principal, directs and controls warranty repairs on covered vehicles through its agents consisting of a dealership network located in this District.

6.   Further, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

**PARTIES**

7.   Plaintiff James Murphy was, at all relevant times, an adult individual who resides in Springfield, Ohio, and who purchased the subject vehicle in Springfield, Ohio, which was manufactured or sold by Defendant. Plaintiff is a citizen of Ohio.

8.   Defendant General Motors LLC ("GM") is organized under the laws of Delaware with its principal place of business located at 300 Renaissance Center, Detroit, Michigan 48232.  At all relevant times, GM was engaged in the business of importing, assembling, marketing, distributing, and warranting GM automobiles in the State of Michigan and throughout the United States. Defendant GM LLC is a Delaware limited liability company. Its sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Upon information and belief, complete diversity exists between the parties.

**FACTUAL ALLEGATIONS**

9.   On February 9, 2022, Plaintiff purchased a new 2022 GMC Yukon XL Denali, Vehicle Identification Number 1GKS2JKL3NR169405 (hereafter the "Vehicle") from

2

Springfield Buick GMC, an authorized GM dealership, in Springfield, Ohio (hereinafter "Springfield Buick").

10. The purchase price of the Vehicle was $87,310.00, excluding options, fees, taxes, and other charges.

11. Prior to purchasing the Vehicle, Plaintiff relied upon Defendant's representations regarding Defendant's New Vehicle Limited Warranty that accompanied the sale of the Vehicle, including the representation that Defendant would repair the Vehicle; these representations were material to Plaintiff's decision to purchase the Vehicle.

12. Specifically, under its New Vehicle Limited Warranty, Defendant promised to repair or replace components found to be defective in material or workmanship during the 3-year / 36,000-mile following such vehicle delivery to consumer. Additionally, Defendant promised to repair or replace the powertrain components, including the Vehicle's engine, found to be defective in material or workmanship during the 5-year / 60,000-mile following such vehicle delivery to consumer.

13. On February 9, 2022, and following the execution of the Vehicle purchase documents, Plaintiff took delivery of the Vehicle.

14. Since the time of Vehicle delivery to the present, the Vehicle has been out of service at least two months because of the catastrophic engine failure.

15. Within the first year of Vehicle ownership, On January 2, 2023, Plaintiff had the Vehicle towed to Springfield Buick and complained the Vehicle's engine shut off while driving and would not re-start.

16. At the time, the Vehicle's odometer read 20,597 miles.

17. Springfield Buick determined that all eight engine rod bearings had spun and the engine locked up, and attempted a repair by replacing the engine, radiator, oil cooler lines, battery top fuse block, and starter.

18. During this visit, the Vehicle was out of service for about sixty-one (61) days.

19. By a letter dated September 4, 2025, Plaintiff, through his counsel, sent a letter to Defendant advising it that his Vehicle suffered from the aforementioned defects and that Defendant failed to repair these defects within a reasonable time under Defendant's warranty, and demanded relief.

20. The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

21. Plaintiff provided the Defendant, or one or more of its authorized or franchised dealers, with reasonable opportunity to repair the problems with the Vehicle.

22. The Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

**FIRST CAUSE OF ACTION**
**Breach of Warranty Pursuant to the Magnuson-Moss**
**Warranty Act, 15 U.S.C. §2301,** *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

25. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

26. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

4

27. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

28. 15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

29. Defendant has failed to remedy the subject vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the subject vehicle.

30. As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.* and Ohio R.C. § 1302.27**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant is a merchant with respect to motor vehicles.

33. The Vehicle was subject to implied warranty of merchantability, as defined in 15 U.S.C. § 2308 and Ohio R.C. § 1302.27, running from the Defendant to the Plaintiff.

34. An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

35. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

36. Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered it.

37. As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## THIRD CAUSE OF ACTION
### Breach of Express Warranty, Ohio R.C. § 1302.26

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the engine and its components.

40. Plaintiff relied on Defendant's warranty when he agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

41. Plaintiff submitted his vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to repair the defects under the Vehicle's warranty as described herein within a reasonable period of time.

42. Plaintiff has given Defendant reasonable opportunity to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

43. As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

44. The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

45. The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had he known, prior to the time of purchase or lease, that the subject vehicle contained these defects.

46. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicle, and a diminution in the value of the subject vehicle containing the defects identified herein.

## FOURTH CAUSE OF ACTION
### Revocation of Acceptance, Ohio R.C. § 1302.66

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

49. After numerous opportunities by Defendant to cure, it has become apparent that said defects cannot be seasonably cured.

50. The defects substantially impair the value of the Vehicle to the Plaintiff.

51. By a letter dated September 4, 2025, the Plaintiff notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

52. Defendant has nevertheless failed to make a good-faith response to this demand within thirty (30) days of their receipt.

7

53. As a result of Defendant's conduct the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### Violation of the Ohio Consumer Sales Practices Act, Ohio R.C. § 1345.01 *et seq.*

54. The Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

55. Defendant is a "person" under Ohio R.C. § 1345.01(B) because it is a limited liability company.

56. Defendant is a "supplier" under Ohio R.C. § 1345.01(C) by advertising, offering for sale, selling, leasing, and/or distributing the subject vehicles in the United States, including Ohio, directly or indirectly affecting Ohio citizens.

57. Plaintiff is a "consumer" under Ohio R.C. § 1345.01(D) because she sought or acquired the subject vehicle by purchase.

58. At all relevant times, Defendant has engaged in a "consumer transaction" under Ohio R.C. § 1345.01(A) by advertising, offering for sale, selling, leasing, and/or distributing the subject vehicles in the United States, including Ohio, directly or indirectly affecting Ohio citizens through that transaction.

59. The Ohio Consumer Sales Practices Act ("OCSPA") prohibits suppliers from committing unfair or deceptive consumer sales practices such as those that mislead consumers about the nature and condition of the product they are receiving. The OCSPA also prohibits suppliers from engaging in unconscionable acts or practices which manipulate a consumer's understanding of the nature of the transaction at issue.

60. The allegations set forth herein constitute unfair and deceptive consumer sales practices in violation of Ohio R.C. § 1345.01, *et seq.* Specifically, as described above,

Defendant misrepresented that the subject vehicle could be repaired within a reasonable period of time where in fact the Defendant failed to repair the substantial vehicle nonconformities within reasonable period of time.

61. Defendant is also liable under Ohio R.C. § 1345.01, *et seq.*, because Defendant's breach of the implied warranty of merchantability set forth above was a producing cause of economic damages sustained by Plaintiff.

62. Defendant's violations of the OCSPA were made in connection with the purchase of the subject vehicles by Plaintiff.

63. Plaintiff has provided adequate notice to Defendant.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a. An order approving revocation of acceptance of the subject vehicle;

b. Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c. Incidental and consequential damages;

d. Punitive damages;

e. Reasonable attorney's fees;

f. Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 5, 2026

                              Respectfully submitted,

                      By:   /s/ Sergei Lemberg
                             Sergei Lemberg, Esq.

                LEMBERG LAW, L.L.C.
                43 Danbury Road
                Wilton, CT 06897
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                *Attorneys for Plaintiff*